**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIE B. THOMPSON,**

        **Plaintiff,**

-vs-　　　　　　　　　　　　　　　　　　　　Case No.  6:06-cv-771-Orl-19JGG

**ROBINSON, INC.,**
d/b/a Winter Garden Restaurant,
**SUN S. HOLLETT,**
**CATHERINE KLAUZOWSKI,**

        **Defendants.**

# ORDER

This case comes before the Court on the following:

1. Motion for Summary Judgment, Statement Undisputed Facts and Supporting Memorandum of Law of Defendants Robinson, Inc., Catherine Klauzowski and Sun Hollett (Doc. No. 64, filed July 2, 2007);

2. Affidavit of Sun Hollett in Support of Defendants' Motion for Summary Final Judgment (Doc. No. 65, filed July 2, 2007);

3. Affidavit of Catherine Klauzowski in Support of Defendants' Motion for Summary Final Judgment (Doc. No. 66, filed July 2, 2007);

4. Deposition of Willie B. Thompson (Doc. No. 67, filed July 2, 2007); and

5. Plaintiff's Response to Defendants' Motion for Summary Judgment, Statement of Undisputed Facts and Supporting Memorandum of Law (Doc. No. 70, filed Aug. 6, 2007).

**Background**

Plaintiff Willie B. Thompson is suing his former employer, Robinson, Inc., and its owners Sun Hollett and Catherine Klauzowski, for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. No. 1).

Defendant Robinson, Inc. is a Florida corporation that is located in Winter Garden, Florida and does business as Winter Garden Restaurant ("The Restaurant"). (Doc. No, 65, ¶ 2; Doc. No. 66, ¶ 2). Defendant Hollett purchased Robinson in 2002. (Doc. No. 65, ¶ 2). Defendant Hollett worked in the Restaurant until February 1, 2005 when she sold 99% of her interest in the corporation to a third party, Jung Soon Kim. (*Id*). Defendant Klauzowski purchased Robinson from Defendant Hollett and Jung Soon Kim on September 12, 2005. (Doc. No. 66, ¶ 2). Prior to the time of purchase Defendant Klauzowski had no involvement with or responsibility for the Restaurant's daily activities. (*Id.* at ¶ 10).

The Restaurant is Robinson's only business interest and source of income. (Doc. No. 65, ¶ 7; Doc. No. 66, ¶ 7). It is located in a small town and serves breakfast and lunch to local clientele. (Doc. No. 65, ¶¶ 3-4; Doc. No. 66, ¶¶ 3-4; Doc. No. 67, p. 12). There are no tourist attractions near the area, and the Restaurant does not advertize. (Doc. No. 65, ¶ 4; Doc. No. 66, ¶ 4; Doc. No. 67, p. 13). All food was prepared and sold on the premises (Doc. No. 65, ¶ 5; Doc. No. 66, ¶ 5; Doc. No. 67, p. 13). The Restaurant never delivered to customers, resold food supplies, or entered a contract to provide food for another company. (Doc. No. 65, ¶ 5; Doc. No. 66, ¶ 5; Doc. No. 67, pp. 12-13). Although the Restaurant uses vendors, it dealt only with the local office of each vendor. (Doc. No. 65, ¶ 6; Doc. No. 66, ¶ 6). During 2002 through 2005, Robinson reported gross revenue

was between $210,000 and $255,000 annually.[1]  (Doc. No. 65, ¶ 8, pp. 6-21; Doc. No. 66, ¶ 8, pp. 4-8).

Plaintiff was employed as a line cook in the Restaurant from approximately March 2003 until November 2, 2005.  (Doc. No. 65, ¶ 9; Doc. No. 66, ¶ 9; Doc. No. 67, pp. 6, 7, 22).  Plaintiff's job required him to prepare the food and clean the kitchen at the end of the day.  (Doc. No. 65, ¶ 9; Doc. No. 66, ¶ 9; Doc. No. 67, pp. 9-10).  Plaintiff did not contact the Restaurant's vendors, order supplies, or even unload the supplies that were ordered.  (Doc. No. 65, ¶ 9; Doc. No. 66, ¶ 9; Doc. No. 67, pp. 11-13).  Plaintiff did not use a fax machine, telephone, mail, or e-mail in connection with his job duties.  (Doc. No. 65, ¶ 9; Doc. No. 66, ¶ 9; Doc. No. 67, p. 13).  He never operated the cash register, took a credit card order, used a credit card to make a purchase for the Restaurant, or made a bank deposit on behalf of the Restaurant.  (Doc. No. 65, ¶¶ 8-9; Doc. No. 66, ¶¶ 8-9; Doc. No. 67, pp. 12-13).

Defendants move for summary judgment alleging that: (1) Plaintiff cannot prove he was covered by the FLSA because he was not engaged in commerce or engaged in the production of goods for commerce; and (2) Robinson is not an enterprise engaged in commerce because its gross receipts were less than $500,000 during the years Plaintiff was employed.  (Doc. No. 64, p. 2).  Alternatively, Defendants Hollett and Klauzowski move for partial summary judgment.  (*Id.*)

---

[1]     All revenue earned was reported to the IRS.  (Doc. No. 65, ¶ 8; Doc. No. 66, ¶ 8). In his deposition, Plaintiff stated that Robinson's revenue was higher than what is reflected on the tax returns.  (*See* Doc. No. 67, p. 26-27).  However, Plaintiff admitted that he had no factual basis for making his estimates because he did not know volume of food orders that the Restaurant prepared each day, the price range of the food sold, how many customers ate there, how much the customers spent, the cost of the supplies that the Restaurant used, or the total sales done by the Restaurant during the time he was employed.  (*See id.* at pp. 11, 28-29).  Because Plaintiff has no personal knowledge of any of the relevant financial data to compute the Restaurant's gross revenue, his testimony of the Restaurant's gross revenue is inadmissible.  Fed. R. Evid. 602.

Defendant Hollett argues that she is entitled to summary judgment on Plaintiff's claim for overtime compensation after she sold 99% of her interest in Robinson on February 1, 2005. (*Id.*) Defendant Klauzowski argues that she is entitled to partial summary judgment on Plaintiff's claim for overtime compensation accruing before the time she purchased Robinson on September 12, 2005. (*Id.*).

Plaintiff opposes Defendants' Motion and raises two primary arguments. (Doc. No. 70). First, he contends that Defendants' evidence is not credible.[2] (*See id.* at pp. 2-4). Plaintiff's second argument is that all three Defendants are joint employers who constitute an enterprise engaged in commerce. (*Id.* at pp. 2, 4-7). Plaintiff argues that enterprise coverage exists because Defendants' total business in 2005 includes not only the total sales from Robinson's tax returns but also the value of cash received when Defendant Hollett sold her interest to Jung Soon Kim for $200,000 and when Defendant Klauzowski and a non-party purchased Robinson from Defendant Hollett and Jung Soon

---

[2] Plaintiff specifically argues that Defendant's 2005 financial records are inaccurate. (Doc. No. 70, p. 3). Plaintiff cites testimony that Robinson paid its employees in cash and argues that this "creates an issue of fact as to whether or not all sales and revenues of [Robinson] were properly recorded in its financial records." (*Id.*) However, the fact that Robinson paid some of its employees in cash does not prove that the company's financial statements are inaccurate. Plaintiff also argues that all of the patrons of the Restaurant were not local because the Restaurant is located near multiple tourist attractions in Florida. (Doc. No. 70, pp. 3-4). Plaintiff introduces no admissible evidence that tourists ever used the restaurant. In fact, all of the testimony in the record indicates that the Restaurant was not near any tourist attractions and served local clientele. (Doc. No. 65, ¶¶ 3-4; Doc. No. 66, ¶¶ 3-4; Doc. No. 67, p. 13). Even if Plaintiff's arguments were factually accurate, they would not be sufficient to survive a motion for summary judgment because Defendants have supported their Motion for Summary Judgment with evidence. Thus, Plaintiff's unsupported conclusory assertions are not sufficient to defeat a motion for summary judgment. Plaintiff is required to introduce specific facts in evidentiary form proving the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e).

Kim for $300,000.³ (*Id.* at pp. 2, 7). Under Plaintiff's theory, Defendants' total business for 2005 exceeds $750,000.⁴ (*Id.*)

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party supports its motion with affidavits or other evidence, the party opposing the motion must provide evidence setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

---

³ These two transactions are collectively referred to as "2005 Sales" for the purposes of this Order.

⁴ Robinson's total revenue for 2005 was $254,014. (Doc. No. 66, ¶ 5).

**Analysis**

The FLSA's overtime provisions apply to employees who can prove they are: (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1); *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1265-66 (11th Cir. 2006)("Under FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage.").

For an employee to be individually covered by the FLSA, he must be engaged in commerce or engaged in the production of goods for commerce.  *Thorne,* 448 F.3d at 1266.  An employee is engaged in commerce if he is engaged in activities that constitute interstate commerce, not merely affect it.  *Id.*  An employee must "directly participat[e] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel."  *Id.*  Goods cease to move in interstate commerce once they reach the customer for whom they are intended.  *Id.* at 1267.  Thus, an employer who "purchases goods that previously moved in interstate commerce for intrastate use" or an employee who "engage[s] in any further *intra*state movement of the goods [is] not covered under the Act."  *Id.*  Individual coverage also exists for employees engaged in the production of goods for commerce.  *Id.* at 1268; *see also* 29 U.S.C. § 207(a)(1).  Employees are engaged in the production of goods for commerce if their "work is closely related and directly essential to the production of goods for commerce."  *Thorne,* 448 F.3d at 1268.

Defendants have produced unrefuted evidence that shows there is no basis to conclude that Plaintiff engaged in commerce or engaged in the production of goods for commerce. The evidence indicates that: (1) the Restaurant's business was localized within the Winter Garden area as all food was bought and sold on the premises and the clientele consisted of local residents; (2) Plaintiff did not use instrumentalities of interstate commerce such as fax machines, telephones or emails; and (3) Plaintiff's only involvement with goods was after they ceased to move in interstate commerce. (*See* Doc. Nos. 65, 66, 67). Although Plaintiff has introduced the deposition of Defendant Hollett, this deposition contains no evidence to support finding that Plaintiff engaged in commerce or engaged in the production of goods for commerce. (Doc. No. 70-2). Thus, Plaintiff failed to submit admissible evidence to indicate that he was individually covered by the FLSA's overtime provisions. 29 U.S.C. § 207(a)(1).

Under the FLSA, an enterprise is engaged in commerce if it: (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has gross sales or business of at least $500,000, exclusive of excise taxes at the retail level that are separately stated. 29 U.S.C. § 203(s)(1)(A). For enterprise coverage to apply, the goods must have moved in commerce at some time; they do not have to be currently moving in commerce. *Brennan v. Greene's Propane Gas Serv., Inc.,* 479 F.2d 1027, 1030-31 (5th Cir. 1973) (reasoning that it is sufficient if goods moved in commerce at some point in the past).[5] It is a reasonable inference to assume that some of the goods used in the Restaurant moved in interstate

---

[5] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

commerce before they were delivered to the Restaurant by local vendors. However, Plaintiff must still prove Defendants' total business exceeded $500,000. *See Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1265-66 (11th Cir. 2006) (reasoning that an employee must prove he is covered by the FLSA).

Plaintiff contends that Defendants are joint employers and their total business done in 2005 exceeds $500,000. (Doc. No. 70, pp. 2, 4-7). Even assuming that Plaintiff's argument with respect to 2005 is correct, Plaintiff has not introduced evidence to indicate that Defendants' total business done in 2003 or 2004 exceeds the FLSA's $500,000 threshold for enterprise coverage. 29 U.S.C. § 203(s)(1)(A). Therefore, summary judgment is appropriate with respect to Plaintiff's claims for overtime compensation in the years 2003 and 2004 because Plaintiff cannot prove he was employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

With respect to 2005, although Plaintiff cites legal authority to support his contention that Defendants are joint employers, he offers no legal support for his positions that all three Defendants constitute an enterprise or that their total business done includes the value of the 2005 Sales. (*See* Doc. No. 70). There is case law indicating that the total sales or business done by an enterprise should be determined from its income tax returns. *E.g., Brock v. Hamad,* 867 F.2d 804, 808-809 (4th Cir. 1989); *Russell v. Cont'l Rest, Inc.*, 430 F. Supp.2d 521, 524 (D. Md. 2006). Robinson's 2005 tax return clearly indicates that its revenue is below the $500,000 threshold. (Doc. No. 66, p. 5-8). Even assuming that Plaintiff's positions are correct, Plaintiff's argument must fail because he has not shown that Defendants constitute an enterprise with total business exceeding $500,000. Plaintiff bears the burden of proof on this issue.

Parties that are joint employers do not automatically constitute an enterprise for the purposes of the FLSA. *Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908, 917 (9th Cir. 2003) ("Whether two companies constitute a single enterprise for FLSA coverage and whether they are liable as joint employers under § 207 are technically separate issues."), *cert. denied,* 541 U.S. 1030 (2004); *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) ("[W]e hold that the enterprise analysis is different from the analysis of who is liable under the FLSA."). *See also* 29 U.S.C. § 203(d), (r)(1) (providing different definitions of employer and enterprise)**.** Under the FLSA, an enterprise is defined as:

> the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor.

29 U.S.C. § 203(r)(1). Thus, Defendants cannot be considered a single enterprise unless the following three elements exist: "(1) related activities, (2) unified operation or common control, and (3) a common business purpose." *Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1366 (5th Cir. 1973).

The record reflects that Robinson's total income for 2005 was $254,014. (Doc. No. 66, ¶ 8, p. 5). Assuming that: (1) Defendants Hollett and Klauzowski can be considered an enterprise with Robinson during the time each owned the corporation; and (2) that the 2005 Sales constitute part of Defendants' total business, the evidence indicates that Defendants Hollett and Klouzowski were not involved with Robinson at the same time. (*See* Doc. No. 65, ¶ 10; Doc. No. 66, ¶ 10; Doc. No. 70-2, pp. 6-10). Because Defendants Hollett and Klauzowski never engaged in "unified operation or common control," there is no basis to conclude that they were ever part of the same enterprise.

Thus, the value of both 2005 Sales cannot be aggregated to reach the FLSA's $500,000 threshold for enterprise coverage.

When each of the individual Defendants is separately aggregated with Robinson, there is no basis to find that the aggregate total business exceeds the $500,000 threshold. Defendant Hollett sold 99% of her interest in Robinson to Jung Soon Kim on February 1, 2005 for $200,000. (Doc. No. 65, ¶ 2). Defendant Hollett sold the last one percent of her interest in Robinson to Defendant Klauzowski on September 12, 2005. (*Id.*) However, Defendant Hollett ceased to be involved in the day-to-day operations of the Restaurant after selling her interest to Jung Soon Kim. (*Id.* at ¶ 10). Thus, Plaintiff has introduced no evidence indicating that Defendant Hollett had unified operation, or common control, or a common business purpose with Robinson after January 2005. Even assuming that Defendant Hollett can be considered an enterprise with Robinson in 2005 and that the $200,000 Defendant Hollett received from the sale to Jung Soon Kim may be aggregated with Robinson's total revenue for the year, there is still no evidence to supporting finding that their aggregate total business exceeds $500,000.

With respect to Defendant Klauzowski, Plaintiff contends that she paid $300,000 to acquire Robinson. (Doc. No. 70, pp. 2, 7). Plaintiff supports this contention by citing the Defendant Hollett's affidavit. (*Id.*) However, this affidavit does not indicate the amount that Defendant Klouzowski paid to acquire Robinson. (Doc. No. 65, ¶ 2). Plaintiff also cites the Agreement for Sale and Purchase of Stock attached to the Third Party Complaint of Defendants Robinson, Inc. and Catherine Klouzowski against Jung Soon Kim. (Doc. No. 70, p. 2). The agreement states that Defendant Klouzowski and a non-party, Todd Paquette, paid Jung Soon Kim and Defendant Hollett $300,000 to acquire Robinson. (Doc. No. 13-3, p. 1). However, the agreement does not indicate

the amount of money Defendant Klouzowski personally paid for the transaction. (*See* Doc. No. 13-3).  Moreover, there is no evidence of Todd Paquette's relationship with Defendant Klauzowski or Robinson.  (*See id.*)   Thus, there is no basis to conclude that the aggregate value of Defendant Klouzowski's investment and Robinson's 2005 sales exceeds $500,000.  Based on the foregoing, Plaintiff has failed to meet his burden of introducing evidence which could establish enterprise coverage under the FLSA.

Plaintiff has failed to introduce evidence indicating that he is an employee subject to the FLSA. Consequently, Defendants' Motion for Summary Judgment, must be granted. (Doc. No. 64).

### Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. No. 64).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 15, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record